IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 17-cv-00073-CMA-MEH

LUKE IRVIN CHRISCO,

    Plaintiff,

v.

JOHN R. GOODRICK,
ANTHONY KNIGHT, and
JOHN DOES 1–2,

    Defendants.

---

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

---

**Michael E. Hegarty, United States Magistrate Judge**.

Defendants John R. Goodrick and Anthony Knight ("Defendants") move for summary judgment on all claims asserted against them. Plaintiff did not respond to Defendants' motion. Accordingly, Plaintiff fails to demonstrate disputed issues of fact regarding his constitutional claims, and Defendants are entitled to qualified immunity. I recommend granting Defendants' Motion for Summary Judgment.

## BACKGROUND

**I.    Factual Background**

The evidence Defendants submitted reveals the following facts viewed in the light most favorable to Plaintiff, who is the non-moving party in this matter.

1.    On January 17, 2015, Plaintiff was incarcerated at the Boulder County Jail ("Jail") awaiting sentencing on a probation violation. ECF No. 66-1, at 24.

2.    During the evening of January 17, Plaintiff began kicking and hitting his shoes against his

cell door. He also periodically shouted obscenities. BCSO-00824, ECF No. 67; BCSO-00825, ECF No. 67; ECF No. 66-1, at 9.

3. Although Jail staff repeatedly asked him to stop, Plaintiff continued his behavior for approximately five hours. ECF No. 66-1, at 9.

4. Defendants eventually decided Plaintiff would cease his behavior only if they placed him in a restraint chair. Aff. of John R. Goodrick ¶ 16, ECF No. 66-1.

5. When Defendants and a third deputy entered Plaintiff's cell, Plaintiff jumped toward Mr. Goodrick. ECF No. 66-1, at 9.

6. Although Mr. Goodrick immediately pushed him away, Plaintiff continued to resist Defendants' efforts to restrain him. *Id.*

7. Mr. Goodrick then attempted an "infra orbital pressure point control tactic." *Id.*

8. While performing this move, one of Mr. Goodrick's fingers entered Plaintiff's nostril, causing it to bleed. *Id.* at 10.

9. Plaintiff continued to resist Defendants' efforts until Mr. Goodrick deployed his taser. At that point, Defendants were able to place Plaintiff in the restraint chair. *Id.*

10. The injury to Plaintiff's nose caused him to bleed on his shirt and the floor. BCSO-00828, ECF No. 67; BCSO-00830, ECF No. 67.

11. Medical personnel then entered the cell and attempted to stop the bleeding. BCSO-00831, ECF No. 67.

**II. Procedural History**

Plaintiff filed this case on January 10, 2017. Compl., ECF No. 1. Plaintiff asserts five causes of action: (1) retaliation in violation of the First Amendment against Mr. Goodrick, Mr.

Knight, and Mr. Berringer; (2) Eighth Amendment cruel and unusual punishment against Mr. Goodrick and a John Doe nurse; (3) deprivation of due process resulting from concealing evidence of Plaintiff's loss of blood against Mr. Goodrick and a John Doe nurse; (4) retaliation in violation of the First Amendment against a John Doe nurse; and (5) excessive force and denial of reasonable medical care against Mr. Goodrick, Mr. Knight, Mr. Berringer, and a John Doe nurse. *Id.* at 5–12. The District Court subsequently dismissed Mr. Berringer pursuant to Federal Rule of Civil Procedure 41. Order on Mot. to Dismiss, ECF No. 43.

After the parties completed discovery, Defendants Goodrick and Knight filed the present motion for summary judgment. Mot. for Summ. J., ECF No. 66. Defendants contend their actions do not give rise to a constitutional violation, and Plaintiff cannot point to Tenth Circuit or Supreme Court law clearly establishing any violation. *Id.* at 3–10. Although I granted Plaintiff two extensions of time to file a response brief, he failed to respond.

## **LEGAL STANDARD**

A motion for summary judgment serves the purpose of testing whether a trial is required. *Heideman v. S. Salt Lake City*, 348 F.3d 1182, 1185 (10th Cir. 2003). A court shall grant summary judgment if the pleadings, depositions, answers to interrogatories, admissions, or affidavits show there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). A fact is material if it might affect the outcome of the suit under the governing substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

The moving party bears the initial responsibility of providing to the court the factual basis for its motion. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "The moving party may carry its initial burden either by producing affirmative evidence negating an essential element of the

nonmoving party's claim, or by showing that the nonmoving party does not have enough evidence to carry its burden of persuasion at trial." *Trainor v. Apollo Metal Specialties, Inc.*, 318 F.3d 976, 979 (10th Cir. 2002). Only admissible evidence may be considered when ruling on a motion for summary judgment. *World of Sleep, Inc. v. La-Z-Boy Chair Co.*, 756 F.2d 1467, 1474 (10th Cir. 1985).

If the movant properly supports a motion for summary judgment, the non-moving party has the burden of showing there are issues of material fact to be determined. *Celotex*, 477 U.S. at 322. That is, the opposing party may not rest on the allegations contained in his complaint, but must respond with specific facts showing a genuine factual issue for trial. Fed. R. Civ. P. 56(e); *Anderson*, 477 U.S. at 247–48 ("[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact."). These specific facts may be shown "by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves." *Pietrowski v. Town of Dibble*, 134 F.3d 1006, 1008 (10th Cir. 1998) (quoting *Celotex*, 477 U.S. at 324). "[T]he content of summary judgment evidence must be generally admissible and . . . if that evidence is presented in the form of an affidavit, the Rules of Civil Procedure specifically require a certain type of admissibility, *i.e.*, the evidence must be based on personal knowledge." *Bryant v. Farmers Ins. Exch.*, 432 F.3d 1114, 1122 (10th Cir. 2005). "The court views the record and draws all inferences in the light most favorable to the non-moving party." *Pepsi-Cola Bottling Co. of Pittsburg, Inc. v. Pepsico, Inc.*, 431 F.3d 1241, 1255 (10th Cir. 2005).

## ANALYSIS

I. **First Claim: Retaliation in Violation of the First Amendment**

Plaintiff's first claim alleges Mr. Goodrick and Mr. Knight assaulted him and cut his nose in retaliation for grievances and a lawsuit he filed against Jail officials. Compl. 5–8, ECF No. 1. Defendants argue that Plaintiff cannot prove their conduct was substantially motivated by Plaintiff's protected conduct. Mot. for Summ. J. 3–5, ECF No. 3.

I agree with Defendants. To prove a First Amendment retaliation claim, a plaintiff must provide evidence that: (1) he was engaged in constitutionally protected activity, (2) the defendant's action caused the plaintiff to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity, and (3) the defendant's action was substantially motived by the plaintiff's exercise of a constitutionally protected activity. *Worrell v. Henry*, 219 F.3d 1197, 1212 (10th Cir. 2000). Plaintiff does not provide any evidence indicating that Defendants' actions on January 18, 2015 were substantially motivated by his prior lawsuits and grievances. The evidence Defendants submitted, even viewed in a light most favorable to Plaintiff, indicates they were motivated by a desire to prevent Plaintiff from further disrupting the Jail by incessantly kicking and slamming on his cell door. BCSO-00824, ECF No. 67 (video showing Plaintiff hitting his shoes against his cell door); BCSO-00825, ECF No. 67 (video depicting Plaintiff kicking his cell door); Aff. of John Goodrick ¶ 16, ECF No. 66-1 ("At approximately 12:20 AM on January 28, 2015, as Mr. Chrisco continued banging on his cell door, I determined it was necessary to place Mr. Chrisco in the restrained chair in order to restore order to the Jail, control a combative inmate, and ensure Mr. Chrisco did not end up injuring himself by his repeated impacts with the door of his cell."). Therefore, I recommend granting summary judgment in favor of Defendants on Plaintiff's first

claim.

## II. Second and Fifth Claims: Cruel and Unusual Punishment in Violation of the Eighth and Fourteenth Amendments

Plaintiff's second claim asserts Mr. Goodrick violated the Eighth Amendment by using the infra orbital pressure point control tactic and tearing his nostril. Compl. 8–9, ECF No. 1. Similarly, Plaintiff's fifth claim contends Mr. Goodrick and Mr. Knight used excessive force in violation of the Fourteenth Amendment. *Id.* at 11–12. These claims are essentially identical. *See, e.g.*, *Gee v. Pacheco*, 627 F.3d 1178, 1181 n.1 (10th Cir. 2010) ("[The plaintiff] is a state prisoner. The First and the Eighth Amendments apply to the states through the Fourteenth Amendment. Technically, then, all of [the plaintiff's] claims could be considered to be under the Fourteenth Amendment." (internal citations omitted)).

To hold prison officials liable for violating an inmate's Eighth Amendment rights: (1) the deprivation must be objectively sufficiently serious such that it deprives the inmate of the "minimal civilized measure of life's necessities," and (2) "the official must exhibit 'deliberate indifference' to a substantial risk of serious harm to [the] inmate." *Barney v. Pulsipher*, 143 F.3d 1299, 1310 (10th Cir. 1998) (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). "'Because routine discomfort is part of the penalty that criminal offenders pay for their offenses against society, only those deprivations denying the minimal civilized measure of life's necessities' or those physical punishments rising above de minimis uses of force 'are sufficiently grave to form the basis of an Eighth Amendment violation.'" *Escobar v. Reid*, 668 F. Supp. 2d 1260, 1294 (D. Colo. 2009) (quoting *Hudson v. McMillian*, 503 U.S. 1, 9–10 (1992)). "[T]he touchstone inquiry in an excessive force claim is whether the force was applied in a 'good-faith effort to maintain and restore discipline or maliciously and sadistically' to cause harm." *Id.* (quoting *DeSpain v. Uphoff*, 264 F.3d 965, 978

6

(10th Cir. 2001)).

Here, the evidence before me indicates Mr. Goodrick performed the pressure point tactic in an effort to control an inmate who had jumped toward him and was resisting his restraint attempts. Aff. of John Goodrick ¶ 16, ECF No. 66-1; ECF No. 66-1, at 9–10. Plaintiff presents no evidence indicating that Defendants used the control tactic and restrained him maliciously or to cause harm. Moreover, even if Plaintiff had responded to Defendants' motion and provided such evidence, there is no law clearly establishing that it violates the Eighth Amendment to perform a pressure point control tactic and restrain a prisoner who is actively resisting. As such, Defendants are entitled to summary judgment on Plaintiff's second and fifth claims. *See, e.g.*, *Beedle v. Wilson*, 422 F.3d 1059, 1069 (10th Cir. 2005) ("When faced with a qualified immunity defense, the plaintiff must establish '(1) that the defendant's actions violated a federal constitutional or statutory right; and (2) that the right violated was clearly established at the time of the defendant's actions.'" (quoting *Greene v. Barrett*, 174 F.3d 1136, 1142 (10th Cir. 1999))).

### III. Third Claim: Deprivation of Due Process in Violation of the Fourteenth Amendment

Plaintiff's third claim asserts Mr. Goodrick violated his substantive due process rights by omitting from the incident reports the extent of his bleeding and by asking the Jail trustee to sanitize the cell before documenting the blood spots photographically. Compl. 10, ECF No. 1.

"[T]he Due Process Clause contains a substantive component that bars certain arbitrary, wrongful government actions 'regardless of the fairness of the procedures used to implement them.'" *Zinermon v. Burch*, 494 U.S. 113, 125 (1990) (quoting *Daniels v. Williams*, 474 U.S. 327, 331 (1986)). However, "the Supreme Court has emphasized 'that only the most egregious official conduct can be said to be arbitrary in the constitutional sense.'" *Williams v. Berry*, 519 F.3d 1216,

7

1220 (10th Cir. 2008) (quoting *County of Sacramento v. Lewis*, 523 U.S. 833, 840 (1998)). "The tortious conduct alleged 'must do more than show that the government actor intentionally or recklessly caused injury to the plaintiff by abusing or misusing *government* power. . . . It must demonstrate a degree of outrageousness and a magnitude of potential or actual harm that is truly conscience shocking.'" *Id.* at 1221 (quoting *Livsey v. Salt Lake County*, 275 F.3d 952, 957–58 (10th Cir. 2001)). "Even most intentionally inflicted injuries caused by misuse of government authority will not meet this standard." *Koessel v. Sublette Sheriff's Dep't*, 717 F.3d 736, 750 (10th Cir. 2013).

Mr. Goodrick is entitled to summary judgment on Plaintiff's third claim. As an initial matter, the evidence Defendants submitted indicates that Mr. Goodrick took the photographs and videos before the floor was cleaned. BCSO-00827, ECF No. 67; BCSO-00831, ECF No. 67; BCSO-00830, ECF No. 67; Aff. of John Goodrick ¶ 14, ECF No. 66-1. Plaintiff submits no evidence to the contrary. Even if Plaintiff had provided such evidence, he does not cite a Tenth Circuit or Supreme Court case clearly establishing that Mr. Goodrick's conduct rose to the level of outrageousness required for a substantive due process violation. As such, Mr. Goodrick is entitled to qualified immunity. *See, e.g.*, *Riggins v. Goodman*, 572 F.3d 1101, 1107 (10th Cir. 2009) (stating that to avoid summary judgment on qualified immunity grounds, "[t]he plaintiff must demonstrate on the facts alleged both that the defendant violated his constitutional or statutory rights, and that the right was clearly established at the time of the alleged unlawful activity").

## **CONCLUSION**

In sum, I recommend finding that Defendants Goodrick and Knight are entitled to qualified immunity on each of Plaintiff's claims against them. Importantly, Plaintiff does not produce evidence demonstrating Defendants violated his clearly established First, Eighth, or Fourteenth

Amendment rights. As such, I respectfully recommend that Defendants' Motion for Summary Judgment [filed February 23, 2018; ECF No. 66] be **granted**.[1]

Entered and dated at Denver, Colorado, this 21st day of June, 2018.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge

---

[1] Be advised that all parties shall have fourteen days after service to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a *de novo* determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676–83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen days after being served with a copy may bar the aggrieved party from appealing the factual and legal findings of the Magistrate Judge that are accepted or adopted by the District Court. *Duffield v. Jackson*, 545 F.3d 1234, 1237 (10th Cir. 2008) (quoting *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991)).