IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 17-cv-00073-CMA-MEH

LUKE IRVIN CHRISCO,

    Plaintiff,

v.

SGT. JOHN R. GOODRICK,
DEPUTY ANTHONY KNIGHT, and
JOHN DOES 1–2,

    Defendants.

---

**ORDER AFFIRMING AND ADOPTING UNITED STATES MAGISTRATE JUDGE'S RECOMMENDATION AND DISMISSING ACTION IN ITS ENTIRETY**

---

This matter is before the Court on review of the Recommendation by United States Magistrate Judge Michael E. Hegarty (Doc. # 78), wherein he recommends that this Court grant Defendants John R. Goodrick and Anthony Knight's (together, the "Moving Defendants") Motion for Summary Judgment (Doc. # 66). Plaintiff Luke Irvin Chrisco objects to Magistrate Judge Hegarty's Recommendation. (Doc. # 79.) The Court affirms and adopts the Recommendation for the following reasons.

## I.    BACKGROUND

As the Court has previously explained (Doc. # 81), this action stems from Plaintiff's incarceration at the Boulder County Jail (the "Jail"), where he was awaiting sentencing on a probation violation in early 2015. (Doc. # 1 at 4–5.) Plaintiff alleges

that on January 27, 2015, Defendants, all Jail employees, subjected him to "excessive force and restraint in conjunction with a spontaneous forced cell entry and staged beating." (*Id.* at 4.) Plaintiff claims that because of Defendants' actions, he "sustained a substantial tear to his left nostril, bled profusely and was placed in a restraint chair, wherein he . . . endured various seizures and losses of conciousness [sic]." (*Id.*) He alleges that Defendants' actions were retaliation for "fil[ing] a lawsuit in August 2014 against various Jail officials" and for filing "various grievances against [Defendants], alleging staff abuse." (*Id.* at 5.)

Plaintiff filed this lawsuit *pro se* against Defendants on January 10, 2017. (*Id.*) He asserts five causes of action: (1) retaliation in violation of the First Amendment against Defendants Goodrick and Knight; (2) cruel and unusual punishment in violation of the Eighth Amendment against Defendant Goodrick and a John Doe nurse; (3) deprivation of due process from concealing evidence of Plaintiff's blood loss against Defendant Goodrick and a John Doe nurse; (4) retaliation in violation of the First Amendment against a John Doe nurse; and (5) excessive force and denial of reasonable medical care against all Defendants.[1] (*Id.* at 5–12.)

Moving Defendants' description of the events of January 27, 2015, sharply contradicts Plaintiff's allegations. *See* (Doc. # 66.) They posit that on that evening, Plaintiff "repeatedly banged his shoes against the door of his cell," "repeatedly kick[ed] the door," and "periodically shouted at the deputies," despite commands from the Jail's

---

[1] Plaintiff initially named Christian Berringer as an additional defendant. (Doc. # 1.) The Court dismissed Mr. Berringer from the action on June 12, 2017 (Doc. # 43); Plaintiff had not opposed Mr. Berringer's dismissal, *see* (Doc. # 40.)

2

officers to stop these behaviors.  (*Id.* at 1–2.)  Sometime past midnight, after Defendant Goodrick again commanded Plaintiff to stop kicking the door, he, Defendant Knight, and another deputy entered Plaintiff's cell, and Plaintiff "jumped toward" Defendant Goodrick.  (*Id.* at 2.)  Plaintiff resisted the deputies' attempts to physically control him.  (*Id.*)  Defendants allege that Defendant Goodrick then "attempted an infraorbital pressure point control tactic," but when he "placed his hand near [Plaintiff's] nose, one of Goodrick's fingers went up [Plaintiff's] nostril," causing Plaintiff's nose to bleed.  (*Id.*)  They assert that Plaintiff continued to resist them until Defendant Goodrick tased him and placed him in a restraint chair.  (*Id.*)  Defendants contend that, as a result of this incident, Plaintiff incurred a "superficial 1 cm cut on his left nostril."  (*Id.*)

Moving Defendants filed their Motion for Summary Judgment on Claims 1, 2, 3, and 5 on February 23, 2018, arguing that their actions did not give rise to constitutional violations and that Plaintiff cannot cite any authority clearly establishing such violations.  (Doc. # 66.)  Plaintiff did not timely respond within 21 days of Moving Defendants' Motion for Summary Judgment.  On April 6, 2018, Magistrate Judge Hegarty *sua sponte* extended Plaintiff's time to respond until April 30, 2018.  (Doc. # 71.)  On April 19, 2018, when denying Plaintiff's Motion for a Stay of Proceedings Pending Plaintiff Seeking Prospective Relief Regarding Deprivation of his Legal Papers (Doc. # 73), Magistrate Judge Hegarty further extended Plaintiff's summary judgment response deadline until May 18, 2018.  (Doc. # 77.)  Plaintiff did not respond to Moving Defendants' Motion for Summary Judgment by that twice-extended deadline, nor did he respond in the weeks that followed.

Magistrate Judge Hegarty issued the Recommendation presently before the Court on June 21, 2018 and, for the reasons detailed below, recommended that the Court grant Moving Defendants' Motion for Summary Judgment. (Doc. # 78.) Plaintiff filed his Objections to the Recommendation on July 13, 2018 (Doc. # 79), eight days after objections were due, *see* (Doc. # 78 at 9 n.1). Moving Defendants responded in support of the Recommendation on July 27, 2018. (Doc. # 80.)

## II. STANDARDS OF REVIEW

### A. REVIEW OF A RECOMMENDATION

When a magistrate judge issues a recommendation on a dispositive matter, Fed. R. Civ. P. 72(b)(3) requires that the district judge "determine *de novo* any part of the magistrate judge's [recommended] disposition that has been properly objected to." An objection is properly made if it is both timely and specific. *United States v. One Parcel of Real Property Known As 2121 East 30th Street*, 73 F.3d 1057, 1059 (10th Cir.1996). In conducting its review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

### B. PRO SE PLAINTIFF

Plaintiff proceeds *pro se*. The Court, therefore, reviews his pleading "liberally and hold[s] [it] to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted). However, a *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon,* 935 F.2d

4

1106, 1110 (10th Cir. 1991). A court may not assume that a plaintiff can prove facts that have not been alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged. *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983); *see also Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (a court may not "supply additional factual allegations to round out a plaintiff's complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (a court may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues"). Nor does *pro se* status entitle a litigant to an application of different rules. *See Montoya v. Chao*, 296 F.3d 952, 957 (10th Cir. 2002).

### III. ANALYSIS

#### A. LEGAL STANDARD FOR SUMMARY JUDGMENT

Summary judgment is warranted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if it is essential to the proper disposition of the claim under the relevant substantive law. *Wright v. Abbott Labs., Inc.*, 259 F.3d 1226, 1231–32 (10th Cir. 2001). A dispute is "genuine" if the evidence is such that it might lead a reasonable jury to return a verdict for the nonmoving party. *Allen v. Muskogee, Okl.*, 119 F.3d 837, 839 (10th Cir. 1997). When reviewing motions for summary judgment, a court may not resolve issues of credibility, and must view the evidence in the light most favorable to the non-moving party—including all reasonable inferences from that evidence. *Id.* However, conclusory statements based merely on

conjecture, speculation, or subjective belief do not constitute competent summary judgment evidence. *Bones v. Honeywell Int'l, Inc.*, 366 F.3d 869, 875 (10th Cir. 2004).

The moving party bears the initial burden of demonstrating an absence of genuine dispute of material fact and entitlement to judgment as a matter of law. *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670–71 (10th Cir. 1998) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). In attempting to meet this standard, a movant who does not bear the ultimate burden of persuasion at trial does not need to disprove the other party's claims; rather, the movant need simply point the court to a lack of evidence for the other party on an essential element of that party's claim. *Id.* at 671.

Once the movant meets its initial burden, the burden then shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 256 (1986). The nonmoving party may not simply rest upon its pleadings—such as, relevant here, its complaint—to satisfy this burden. *Id.*; *Celotex Corp.*, 477 U.S. at 324 ("Rule 56(e) therefore requires the nonmoving party to go beyond the pleadings."). Rather, the nonmoving party must "set forth specific facts that would be admissible in evidence from which a rational trier of fact could find for the nonmoving party." *Adler*, 144 F.3d at 671. "To accomplish this, the facts must be identified by reference to affidavits, deposition transcripts, . . . specific exhibits incorporated therein," *id.*, or any other kind of "evidentiary materials listed in Rule 56(c), **except the mere pleadings themselves**," *Celotex Corp.*, 477 U.S. at 324 (emphasis added). *See also Pietrowski v. Town of Dibble*, 134 F.3d 1006, 1008 (10th Cir. 1998).

Ultimately, the Court's inquiry on summary judgment is whether the facts and evidence identified by the parties present "a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251–52.

**B.     THE MAGISTRATE JUDGE'S RECOMMENDATION**

After correctly stating the legal standard for summary judgment (Doc. # 78 at 3–4), Magistrate Judge Hegarty addressed each of the four claims Plaintiff asserts against Moving Defendants (*id.* at 5–8.) As to Claim 1, for retaliation in violation of the First Amendment against Defendants Goodrick and Knight, Magistrate Judge Hegarty determined that Plaintiff's allegations fail to establish the third element of a First Amendment retaliation claim, that the defendants' conduct was "substantially motivated" by the plaintiff's exercise of a constitutionally protected activity. (*Id.* at 5); *see Worrell v. Henry*, 219 F.3d 1197, 1212 (10th Cir. 2000). Plaintiff does not provide any evidence that Defendants' actions on January 27, 2015, were substantially motivated by Plaintiff's prior lawsuits and grievances, he explained, whereas, even when Moving Defendants' evidence is viewed in a light favorable to Plaintiff, Moving Defendants' evidence "indicates they were motivated by a desire to protect Plaintiff from further disrupting the Jail." (Doc. # 78 at 5.) Magistrate Judge Hegarty therefore recommended granting summary judgment in Moving Defendants' favor on Claim 1. (*Id.* at 5–6.)

Magistrate Judge Hegarty determined that Claims 2 and 5 are "essentially identical," as they both assert Defendants Goodrick and Knight subjected Plaintiff to cruel and unusual punishment in violation of the Eighth and Fourteenth Amendments.

7

(*Id.* at 6.) Quoting previous decisions of the Court and the Tenth Circuit, Magistrate Judge Hegarty explained that "the touchstone inquiry in an excessive force claim is whether the force was applied in a 'good-faith effort to maintain and restore discipline or maliciously and sadistically' to cause harm." (*Id.* at 6) (quoting *Escobar v. Reid*, 668 F. Supp. 2d 1260, 1294 (D. Colo. 2009) (quoting *DeSpain v. Uphoff*, 264 F.3d 965, 978 (10th Cir. 2001)). Magistrate Judge Hegarty found that Plaintiff presented no evidence suggesting that Defendants treated him maliciously and sadistically to cause harm. (*Id.* at 7.) Instead, the evidence indicated to Magistrate Judge Hegarty that Defendant Goodrick "performed the pressure point tactic in an effort to control an inmate who had jumped toward him and was resisting his restraint attempts." (*Id.*) Magistrate Judge Hegarty therefore recommended that the Court rule in favor of Moving Defendants on Claims 2 and 5. (*Id.*)

Finally, with regard to Claim 3, for deprivation of due process in violation of the Fourteenth Amendment, Plaintiff asserts that Defendant Goodrick violated his due process rights by omitting from incident reports "the fact [that Plaintiff] bled profusely" and by "calling the trustee to sanitize [Plaintiff's] cell before documenting the bloodspots photographically." (Doc. # 1 at 10.) Magistrate Judge Hegarty explained that the Due Process Clause "bars certain arbitrary, wrongful government actions," (Doc. # 78 at 7) (quoting *Zinermon v. Burch*, 494 U.S. 113, 125 (1990)), but that "only the most egregious official conduct can be said to be arbitrary in the constitutional sense," (*id.*) (quoting *Williams v. Berry,* 519 F.3d 1216, 1220 (10th Cir. 2008)). He determined that Defendant Goodrick is entitled to summary judgment on Claim 3 because the evidence

Moving Defendants submitted "indicates that Mr. Goodrick took the photographs and videos before the floor was cleaned," while Plaintiff "submits no evidence to the contrary." (*Id.* at 8.)

Because he decided that Plaintiff failed to carry his burden as the nonmovant to set forth specific facts establishing genuine issues regarding Defendants' alleged violations of the First, Eighth, and Fourteenth Amendment rights, Magistrate Judge Hegarty recommended that this Court grant Moving Defendants' Motion for Summary Judgment. (*Id.* at 8–9.)

**C.    PLAINTIFF'S OBJECTIONS**

Plaintiff objects to the Recommendation on the ground that Magistrate Judge Hegarty "fail[ed] to consider [his] prisoner Complaint" and "denied [it] any evidentiary weight." (Doc. # 79 at 2–3.) Plaintiff argues that Magistrate Judge Hegarty's understanding of the legal standard for summary judgment—in so far as, where the moving party makes a properly supported summary judgment motion, the nonmoving party has the burden to show genuine issues for trial but cannot do so by relying on its pleadings, *see* (Doc. # 78 at 4)—is mistaken, and that his reliance on *Pietrowski*, 134 F.3d at 1008, for that proposition is misplaced. (Doc. # 79 at 3.) *Pietrowski* is distinguishable, according to Plaintiff, because that plaintiff "had ample resources and assistance of counsel with which to mount a plenary response," unlike him. (*Id.*) Plaintiff also objects that Magistrate Judge Hegarty did not "treat [his] verified [C]omplaint as an affidavit for summary judgment purposes," citing *Abdulhaseeb v.*

*Calbone*, 600 F.3d 1301, 1311 (10th Cir. 2010). (Doc. # 79 at 3.) Plaintiff's objections are not specific to any claim.

The Court rejects Plaintiff's objections and affirms Magistrate Judge Hegarty's application of well-established summary judgment principles. First, the Supreme Court has repeatedly held that when a moving party carries its burden under Rule 56(c), the nonmoving party may not rest on his pleadings alone to demonstrate the existence of a genuine issue for trial. *See, e.g., Celotex Corp.*, 477 U.S. at 324; *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986). That principle is consistent with "[t]he very mission of the summary judgment procedure"—"to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." Fed. R. Civ. P. 56(e) advisory committee's note to 1963 amendment; *Miller v. Gen. Outdoor Advert. Co.*, 337 F.2d 944, 948 (2d Cir. 1964). Rather, the nonmoving must "go beyond the pleadings" and "designate specific facts" showing a genuine issue for trial. *Celotex Corp.*, 477 U.S. at 324. The text of Rule 56 itself requires the nonmoving party to "address another party's assertion of fact" by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . , admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(e), (c). The Tenth Circuit's articulation of summary judgment principles in *Pietrowski*, 134 F.3d at 1008, is entirely consistent with this controlling authority. Moreover, *Pietrowksi* cannot be distinguished from Plaintiff's case, as the Tenth Circuit made no mention in *Pietrowski* of the plaintiff's

representation by counsel or, more specifically, how that affected his burden as the nonmoving party. *See id*.

The Court also concludes that Magistrate Judge Hegarty did not err by, as Plaintiff asserts, "failing to treat the verified complaint as an affidavit for summary judgment purposes." *See* (Doc. # 79 at 3.) In *Abdulhaseeb*, the Tenth Circuit repeated its prior statement that "[a] verified complaint **may** be treated as an affidavit for purposes of summary judgment **if it satisfies the standards for affidavits** set out in Rule 56(e)."[2] 600 F.3d at 1311 (emphasis added) (quoting *Conaway v. Smith*, 853 F.2d 789, 792 (10th Cir. 1998)). Accordingly, a court is not required to treat a verified complaint as an affidavit; it may, in its discretion, do so if the complaint is "made on personal knowledge, set[s] out facts that would be admissible in evidence, and show[s] that the affiant . . . is competent to testify on the matters stated." *See* Fed. R. Civ. P. (c)(4). Plaintiff's Complaint does not satisfy these standards for affidavits, *compare* (Doc. # 1) *with Abdulhaseeb*, 600 F.3d at 1316–17 (relying on specific factual allegations from the plaintiff's verified second amended complaint and the attached exhibits), and Magistrate Judge Hegarty did not err by not treating it as an affidavit.

---

[2] At the time the Tenth Circuit decided *Abdulhaseeb* (April 2, 2010), Rule 56(e) provided that "[a] supporting or opposing affidavit must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated. (Fed. R. Civ. P. 56(e) (2009)). Subsequent to the Tenth Circuit's decision, Rule 56 was amended. The standards for affidavits are now found at Rule 56(c)(4): "An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated."

For these reasons, the Court overrules Plaintiff's Objections, adopts Magistrate Judge Hegarty's Recommendation, and grants Moving Defendants' Motion for Summary Judgment.

**D.    REMAINING CLAIMS AGAINST JOHN DOES**

The only claims that remain after the Court enters summary judgment in favor of Moving Defendants on Claims 1, 2, 3, and 5 are Claims 2, 3, 4, and 5 as asserted against the John Doe Defendants. *See* (Doc. # 1 at 8–12.) Pursuant to Rule 12(b)(6), the Court *sua sponte* dismisses these remaining claims against the John Doe Defendants. Although dismissals under Rule 12(b)(6) "typically follow a motion to dismiss . . . , a court may dismiss *sua sponte* 'when it is "patently obvious" that the plaintiff could not prevail on the facts alleged, and allow him an opportunity to amend his complaint would be futile.'" *Bellmon*, 935 F.2d at 1109–10 (quoting *McKinney v. Oklahoma*, 925 F.2d 363, 385 (10th Cir. 1991)). The Court has construed Plaintiff's *pro se* Complaint (Doc. # 1) and other filings liberally, as required by *Trackwell*, 472 F.3d at 1243. However, it is not "the proper function of [the Court] to assume the role of advocate" for Plaintiff. *Bellmon*, 925 F.2d at 1110. Plaintiff provides no specifics about the positions of the John Doe Defendants or the roles they allegedly played, despite the completion of discovery. *See* (Doc. # 78 at 3.)

For the same reasons stated above as to the named Defendants, Plaintiff fails to state a claim against the John Doe Defendants upon which relief may be granted, compelling dismissal. It is patently obvious to this Court that Plaintiff could not prevail on the facts alleged against the John Doe Defendants. *See Al-Turki v. Tomsic*, No. 15-

cv-00524, 2016 WL 1170442, *5 (D. Colo. March 25, 2016) (dismissing *sua sponte* the plaintiff's claims against Doe defendants where the plaintiff made only generalized allegations).

Allowing the claims against the John Doe Defendants to continue in this action would offend basic notions of due process. As another district court explained, "In most of the cases in which fictitious defendants have been found permissible, other identified defendants were also parties and could represent the evanescent defendant's interests." *Scheetz v. Morning Call, Inc.*, 747 F. Supp. 1515, 1534–35 (E.D. Penn. 1990) (collecting cases from multiple jurisdictions). Here, all claims against the identified Defendants have been dismissed. Plaintiff asserts the same claims against the John Doe Defendants. The John Doe Defendants are the sole remaining defendants, and they have not been identified, been served with the Complaint, appeared before the Court, or otherwise argued their case through motions. "[T]o allow the claims against [Doe Defendants] to continue . . . is to ask individuals of whom we have no knowledge to defend a claim of which they have no knowledge." *Bey v. City of Phila.*, 6 F. Supp. 2d 422, 424 (E.D. Penn. 1998). This does not comport with the requirements of due process. *Scheetz*, 747 F. Supp. at 1534. Accordingly, the Court therefore dismisses *sua sponte* Plaintiff's claims against the John Doe Defendants pursuant to Rule 12(b)(6).

### IV.    CONCLUSION

For the foregoing reasons, the Court ORDERS as follows:

1. Magistrate Judge Hegarty's Recommendation (Doc. # 78) is AFFIRMED and ADOPTED as an Order if this Court;

2. Moving Defendants' Motion for Summary Judgment (Doc. # 66) is GRANTED;

3. All remaining claims against the John Doe Defendants are DISMISSED; and

4. This action is hereby DISMISSED in its entirety.

DATED: September 6, 2018

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge